JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

17.W.805

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
FELDON BUSH

**DEFENDANTS**
CHRISTOPHER HULMES
CITY OF PHILADELPHIA

17  0805

**(b)** County of Residence of First Listed Plaintiff  PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Stephen T. O'Hanlon, O'Hanlon Law Firm, 1500 JFK Blvd., Suite 1850, Philadelphia, PA 19102. (267) 546-9066.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1983
Brief description of cause:
MALICIOUS PROSECUTION

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 1,200,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE  02/21/2017
SIGNATURE OF ATTORNEY OF RECORD

FEB 21 2017

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __c/o O'Hanlon Law Firm__

Address of Defendant: __c/o Law Dept. & Marshall Dennehey__

Place of Accident, Incident or Transaction: __Philadelphia__
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☑

Does this case involve multidistrict litigation possibilities?   Yes☐  No☑

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, __Stephen T. O'Hanlon__, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: __2/21/2017__   _____   __208428__
                        Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __2/21/2017__   _____   __208428__   FEB 21 2017
                        Attorney-at-Law              Attorney I.D.#

CIV. 609 (5/2012)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

FELDON BUSH : CIVIL ACTION

v.

CITY OF PHILADELPHIA :
CHRISTOPHER HULMES : NO. 17 0805

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (✓)

2/21/17           STEPHEN T. O'HANLON           FELDON BUSH (II)
**Date**          **Attorney-at-law**           **Attorney for**
267-546-9066      215-567-1998                  steve@ohanlonlawfirm.com
**Telephone**     **FAX Number**                **E-Mail Address**

(Civ. 660) 10/02

FEB 21 2017

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FELDON BUSH, | : | Civil No. _____ 0805 |
| Plaintiff, | : | |
| v. | : | |
| CHRISTOPHER HULMES | : | |
| -and- | : | |
| THE CITY OF PHILADELPHIA, | : | |
| Defendants. | : | |

## COMPLAINT AND JURY DEMAND

Plaintiff, Feldon Bush, by and through his undersigned counsel, the O'Hanlon Law Firm, P.C., hereby demands a trial by jury and complain against the above-captioned Defendants as follows:

### Statement of Claim and Jurisdiction

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution against Defendant Christopher Hulmes, in his individual capacity, and against the City of Philadelphia. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343.

2. It is alleged that the individual police officer Defendant Christopher Hulmes violated Plaintiff's Fourth Amendment rights by initiating and engaging in a malicious prosecution.

3. It is further alleged that these Constitutional violations were committed as a result of policies, customs, omissions, and deliberate indifference of Defendant the City of Philadelphia because Defendant Christopher Hulmes was an admitted liar and perjurer and Defendant the City

1

of Philadelphia knew this and nonetheless fully endorsed Defendant Hulmes' continued criminal activities in relation to individuals in the City of Philadelphia such as Plaintiff. The matter was compounded by a toothless Internal Affairs Division which chose to believe the known liar, Defendant Christopher Hulmes, over an Assistant District Attorney on another case where Defendant Hulmes admitted to perjury. The Philadelphia Police Department's supervision of its criminal officers, such as Defendant Christopher Hulmes, as well as its purported oversight body, is renowned for being corrupt and oversight is non-existent.

### Parties

4. Plaintiff, Feldon Bush (hereinafter "Plaintiff"), is a resident of Philadelphia County and citizen of the Commonwealth of Pennsylvania and the United States of America.

5. Defendant former Officer Christopher Hulmes (hereinafter "Defendant Hulmes"), was at all times relevant to this Complaint a duly appointed and acting officer of the Police Department of the Defendant City of Philadelphia, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the Commonwealth of Pennsylvania and/or the City of Philadelphia.

6. Defendant, the City of Philadelphia, Pennsylvania, is a municipal corporation and the former public employer of Defendant Hulmes.

### Facts

7. On or about May 25, 2007, Plaintiff was arrested based upon the false information of Defendant Hulmes for alleged narcotics trafficking violations and firearms offenses in the area of 11th and Silver Streets in Philadelphia.

8. Plaintiff had no narcotics on his person, was not in constructive possession of narcotics, and did not directly sell or engage in a conspiracy to sell narcotics. Plaintiff did not

have access to a vehicle wherein contraband was purportedly recovered and Defendant Hulmes lied that Plaintiff had a key to this vehicle when, in fact, the vehicle had to be towed from the street. Plaintiff was also not near the vehicle when Defendant Hulmes stopped and arrested Plaintiff.

9. Plaintiff was detained in Philadelphia prison and state custody for in excess of six (6) years.

10. Plaintiff was prosecuted in Philadelphia County for, *inter alia*, Possession with Intent to Deliver a Controlled Substance and Violations of the Uniform Firearms Act as of docket numbers MC-51-CR-0024222-2007 and CP-51-CR-0009962-2007.

11. Plaintiff's case was ultimately *nolle prossed* by the District Attorney of Philadelphia on January 30, 2017. This occurred because it eventually filtered through to criminal defense attorneys and the press that Defendant Hulmes had admitted to perjury on the witness stand and had otherwise lied and falsified arrest paperwork and fabricated facts to justify arrests.

12. Higher up officials and policymakers in Defendant the City of Philadelphia have created a *de facto* policy of police lying under oath as is indicated by, among many others, Jeffrey Walker, Thomas Liciardello, Perry Betts, Brian Spicer, Linwood Norman, John Speiser, Thomas Tolstoy, Jeffrey Cujdik, and Richard Cujdik. Defendant Hulmes was allowed to continue as a police officer without censure for years despite supervisors and policymakers knowing that he was an admitted perjurer.

13. An Assistant District Attorney, Katie Surrick, reported Defendant Hulmes to Internal Affairs Division ("IAD") for lying in another case but IAD found in favor of Defendant Hulmes thereby indicating that IAD routinely fails to investigate and reprimand lying police.

3

and cover ups. Up to 300 cases were overturned but none of the involved police officers was

14. IAD is itself corrupt and nefariously influences cases in favor of police involved in, *inter alia*, police killing of civilian cases. This will be substantiated in discovery and the details alleged will be filed under seal in state court in another case pending. Former Police Commissioner Charles Ramsey had to seek guidance from the Department of Justice because of an extraordinary number of police shootings and this was, in effect, an admission that IAD and Defendant the City of Philadelphia is unable and unwilling to investigate and censure police officers, including Defendant Hulmes, who are fully allowed to lie and corrupt the policing culture based on an effective policy of permitting police corruption and lying.

15. As a direct and proximate result of the said acts of Defendants, Plaintiff suffered the following injuries and damages:

    a. Violation of his Constitutional rights under the Fourth Amendment to the United States Constitution;

    b. Loss of physical liberty for in excess of six years;

    c. Emotional and vocational injury due to being prosecuted by Defendants;

16. The actions of Defendant Hulmes violated the following clearly established and well-settled federal constitutional rights of Plaintiff:

    a. Malicious prosecution.

17. Defendant the City of Philadelphia maintains and promotes a Police Department plagued by allegations of corruption and criminality. This has been caused by, *inter alia*, inadequate supervision, inadequate investigation of police complaints, and contractual negotiations with a police union that leads to inadequate censure of corrupt and criminal police officers and often leads to reinstatement following serious meritorious complaints. In the present matter, it was known for a considerable amount of time that Defendant Hulmes was an admitted

4

perjurer but he was permitted to continue to make arrests and testify falsely at court. The IAD which is supposed to investigate complaints and censure corrupt and criminal officers routinely does neither.

18. These policies and cover-ups for corrupt and lying police have continued since the 39th District Scandal in the 1990s when there was internal lying, falsifying of sworn paperwork, and cover ups. Up to 300 cases were overturned but none of the involved police officers was punished.

19. This lying on sworn paperwork continues unabated today. Officer Angel Ortiz and Deirtra Cuffie of the Narcotics Field Unit falsified sworn paperwork in relation to case MC-51-CR-0037492-2011/CP-51-CR-0010836-2011 regarding the arrest of James Singleton wherein a large amount of heroin was confiscated. Cuffie has faced no punishment and the PPD sought to exclude press and members of the public from a Police Board of Inquiry hearing in relation to Ortiz despite a Mayor's directive that these hearings be open to the public.

20. The Internal Affairs Division is itself a criminal enterprise which covers up police misconduct including recently trying to alter a Medical Examiner's cause of death in relation to a police killing of a civilian. There is no oversight and this is the reason that former Chief Commissioner Charles Ramsey had to seek federal intervention to address police shootings – the PPD's own hierarchy is corrupt and engages in purposeful and widespread falsification and cover-ups in order to protect lying and criminal police such as Defendant Hulmes to the detriment of the residents of Philadelphia such as Plaintiff.

## Causes of Action

### COUNT ONE:  42 U.S.C. § 1983 – FOURTH AMENDMENT, MALICIOUS PROSECUTION, AGAINST ALL DEFENDANTS

21. Paragraphs 1 through 20 are incorporated herein by reference as though fully set forth.

22. Defendant Hulmes initiated a six-year long meritless criminal proceeding against Plaintiff, the criminal proceedings ended in Plaintiff's favor when the criminal matters were *nolle prossed*, Defendant Hulmes initiated the criminal proceeding without probable cause because Plaintiff did not possess or sell drugs or possess a firearm, Defendant Hulmes acted maliciously and for a purpose other than bringing innocent Plaintiff to justice, and Plaintiff suffered deprivation of liberty and was incarcerated for more than six years.

23. Defendant the City of Philadelphia is liable because it implemented policies and procedures that allowed corrupt officers to flourish in the Philadelphia Police Department and allowed admitted perjurer, Defendant Hulmes, to continue his known criminal practices for months and years after they were known by Defendant the City of Philadelphia.  There is a widespread acceptance of corruption and perjury, no oversight, and a hierarchical system that seeks to purposefully cover up the exact type of behavior alleged herein.

24. Plaintiff should, therefore, be compensated for the violation of his Fourth Amendment rights not to suffer malicious prosecution.

### Prayer for Relief

WHEREFORE, Plaintiff requests that this Court:

a.  Award compensatory damages to Plaintiff against Defendants;

b.  Award costs of this action to Plaintiff;

c.  Award reasonable attorney's fees and costs to Plaintiff;

d.  Award punitive damages to Plaintiff to compensate Plaintiff for the outrageous conduct relating to decades of perjury by Defendant Hulmes and to deter such future practices in the future;

e.  Award damages for vocational loss to Plaintiff;

f.  Award such other and further relief as this Court may deem appropriate.

### Demand for Jury Trial

Plaintiff hereby demands a jury trial.

Respectfully submitted,

The O'Hanlon Law Firm, P.C.

STEPHEN T. O'HANLON, ESQUIRE

DATE: February 21, 2017

The O'Hanlon Law Firm, P.C.
BY: Stephen T. O'Hanlon, Esquire
PA Bar ID # 208428
Attorney for Plaintiffs
2 Penn Center, Suite 1850
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Tel: (267) 546-9066
Fax: (215) 567-1998
steve@ohanlonlawfirm.com

7